UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

DAJAHN MCBEAN,

Defendant.

24 Cr. 541-3 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received an *ex parte* letter from counsel for defendant Dajahn McBean, dated today, in response to the Court's order of March 9, 2026, filed at docket 215. In that order, the Court directed the defense to explain why its March 9 application for an order directing the Bureau of Prisons ("BOP") to produce certain individual and statistical data had been made *ex parte*. The Court's order noted that the defense's application had stated that in past cases, the Government had opposed—and therefore had necessarily been on notice of—prior similar applications.

The defense's letter of today states, cursorily, that the defense's application "was made *ex parte* primarily to protect Mr. McBean's litigation strategy," and also "to prevent any disclosure in a government response that might be inflammatory against Mr. McBean" and "jeopardize his right to a fair trial."

The defense's letter does not persuasively justify the proposed *ex parte* filing of its application, for three independent reasons.

1.      ***The defense's previous disclosure in this case***: The defense has previously publicly disclosed its intention to request what appears to be this same data. Specifically, in its publicly filed September 29, 2025 memorandum of law in support of striking the death notice,

the defense stated that its experts "will need to comb through reams of data from the [BOP],

which is a well-established method for meeting the prosecution's future dangerousness

evidence." Dkt. 164 at 43. The defense elaborated:

> We intend to request (1) inmate data for all male inmates serving a sentence of life without parole as of the most currently available date to include: demographics, offenses of conviction, disciplinary history, prior criminal history and prison terms; (2) comparative data for low/medium FCI, USP, ADX facilities for each year from January 1, 2019 through December 31, 2024; (3) guilty findings for 100 to 400 level violations for male inmates by institution and facility code; and (4) the yearly average daily population and the injury assessment for acts of inmate misconduct at USP, ADX and FCI per 1000 inmates.

*Id.* at 43 n.15. The defense's letter of today does not acknowledge this prior disclosure. In light

of it, the defense's summary assertion that its application for BOP data cannot be shared with the

Government lest its litigation strategy be exposed is unsubstantiated.

2.      ***Historical use of similar data in capital cases***: The defense's application stated

that similar orders directing the BOP to produce such data had been opposed by the Government

in prior cases, and, as noted, its September 29, 2025 memorandum of law describes the use of

such data by the defense in penalty phases as "well established." The defense's letter of today

did not respond to the Court's observation that, as acknowledged by the defense, similar

applications for BOP data in previous cases have been opposed, *i.e.*, not resolved *ex parte*. In

light of the established use of such data, and the absence of any showing by the defense that prior

such applications have been granted on an *ex parte* basis, the defense's assertion here that the

current application must be granted *ex parte* is also unsubstantiated.

3.      ***Availability of redaction and sealing***: To the extent the defense expresses

concern that a publicly docketed Government response might be inflammatory or jeopardize Mr.

McBean's right to a fair trial, such concerns might justify sealed or redacted submissions by the

parties. They would not, however, justify an *ex parte* submission by the defense.

The defense is at liberty to address the above considerations.  The defense alternatively is at liberty to withdraw its attempt to proceed on an *ex parte* basis, with leave to redact from the application, as publicly filed and supplied to the Government, discrete portions of its application as to which concerns about disclosing defense strategy can be credibly made.  The Court directs the defense to respond by Friday, March 13, 2026.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 11, 2026
New York, New York

3